## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

FILED-USDC-NDTX-DA
'23 NOV 21 PM3:31

MONTERIO J WESCO

Plaintiff

v.

CFO John Collins /Navy Federal Credit union

Defendant

3-23CV2582-S

Civil Action No.

### COMPLAINT

Non-Performance of fiduciary duties

\* Attach additional pages as needed.

Date        11/21/23

Signature   Monterio Wesco

Print Name  Monterio Wesco

Address     1137 Harvest Hill cir

City, State, Zip  DeSoto, TX, 75115

Telephone   469-888-1547

## Breach of Contract Notice

**November 13, 2023**

CFO John Collins
Navy Federal Credit Union
820 Follin ln
SE Vienna, Virginia 22180

**RE: Breach of Contract**

Dear CFO John Collins,

PLEASE TAKE NOTICE that you are in breach of our contract titled "Visa signature cash rewards" dated July 28, 2022 (the "Contract"). Specifically, you have breached the following obligation(s) under the Contract:

Section: Non performance of fiduciary duties
Description: You have failed non-performance of fiduciary duties of transferring MONTERIO J WESCO/Principal balance of $11,024.51 to MONTERIO J WESCO/Principal account of (4060955752941520) for set off.

Section: Unearned interest
Description: I've also sent a letter with specific instructions with bill/payment requiring all unearned interest that has been paid on behalf of the Principal (MONTERIO J WESCO) for the Principal account (4060955752941520) which 15 usc1615 stats that if a consumer prepays in full under any consumer credit transaction, the creditor must promptly refund all unearned portion of interest to consumer.

PLEASE TAKE FURTHER NOTICE that unless the breach is remedied within 5 business days from receiving notice. of this letter's date, I will take action to protect my rights under the Contract and under any applicable law. All of my rights are reserved under this notice.

You may contact me if you have any questions.

Sincerely,

Wesco,Monterio Attorney in fact
MONTERIO J WESCO
1137 Harvest Hill Cir
Desoto, Texas 75115
Home: 4698881547
Work: 4698881547

## DURABLE POWER OF ATTORNEY

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, SUBTITLE P, TITLE 2, ESTATES CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO. IF YOU WANT YOUR AGENT TO HAVE THE AUTHORITY TO SIGN HOME EQUITY LOAN DOCUMENTS ON YOUR BEHALF, THIS POWER OF ATTORNEY MUST BE SIGNED BY YOU AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY.

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until:

(1) you die or revoke the power of attorney;

(2) your agent resigns or is unable to act for you; or

(3) a guardian is appointed for your estate.

### DESIGNATION OF AGENT

I, Monterio wesco, of 1137 Harvest Hill Cir DeSoto Texas, telephone number 4698881547, and email address Wesco_monterio@yahoo.com, appoint Wesco Monterio, of 1137 Harvest Hill Cir DeSoto Texas, telephone number 4698881547, and email address Wesco_monterio@yahoo.com, as my Agent (or "Attorney-in-fact") to act on my behalf in any lawful way with respect to all of the following powers that I have listed below.

### DESIGNATION OF SUCCESSOR AGENT

If the designated Agent is unable or unwilling to serve for any reason, I appoint Wesco Monterio, of 1137 Harvest Hill Cir DeSoto Tx 75115, telephone number 4698881547, and email address Wesco_monterio@yahoo.com, as my alternate or Successor Agent, to serve with the same powers and discretions.

## REVOCATION OF PAST POWER OF ATTORNEY

I hereby revoke or terminate any and all general powers of attorney and special powers of attorney that have been previously signed by me.

## GRANT OF GENERAL AUTHORITY

I grant my agent(s) general authority to act for me with respect to the following subjects:

- Real property transactions (the Durable Power of Attorney will need to be recorded if the agent uses it with respect to a real property transaction)
- Tangible personal property transactions
- Stock and bond transactions
- Commodity and option transactions
- Banking and other financial institution transactions
- Business operating transactions
- Insurance and annuity transactions
- Estate, trust, and other beneficiary transactions
- Claims and litigation
- Personal and family maintenance
- Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service
- Retirement plan transactions
- Tax matters
- Digital assets and the content of an electronic communication

## GRANT OF SPECIFIC AUTHORITY

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. CHOOSE ONLY the specific authority you WANT to give your agent.)

- Create, amend, revoke, or terminate an inter vivos trust

- Make a gift, subject to the limitations of Section 751.032 of the Durable Power of Attorney Act (Section 751.302, Estates Code) and any special instructions in this power of attorney

- Create or change rights of survivorship

- Create or change a beneficiary designation

- Authorize another person to exercise the authority granted under this Power of Attorney

SPECIAL INSTRUCTIONS APPLICABLE TO GIFTS: I grant my agent the power to apply my property to make gifts outright to or for the benefit of a person, including by the exercise of a presently exercisable general power of appointment held by me, except that the amount of a gift to an individual may not exceed the amount of annual exclusions allowed from the federal gift tax for the calendar year of the gift.

## SPECIAL INSTRUCTIONS

The powers granted to my Agent are limited and/or expanded by the following special instructions:

Do your job and you'll keep it!!!

SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION: My agent is entitled to reimbursement of reasonable expenses incurred on my behalf and to compensation that is reasonable under the circumstances.

## EFFECTIVE DATE

This Power of Attorney takes effect immediately and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of

my disability or incapacity.

This power of attorney continues until I revoke it, or it is terminated by my death or other event described in Subtitle P, Title 2 of the Texas Estates Code.

I agree that any third party who receives a copy of this document may act under it. Termination of this durable power of attorney is not effective as to a third party until the third party has actual knowledge of the termination. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney. The meaning and effect of this durable power of attorney is determined by Texas law.

Signed this 18 day of October, 2023, at DeSoto , Texas.

Monterio wesco

Page 4 of 8

STATE OF TEXAS,
DALLAS COUNTY

This document was acknowledged before me on _18  October 2023_ by Monterio wesco.


_Rhonda S Cockerham_
(signature of notarial officer)



RHONDA S. COCKERHAM
Notary Public, State of Texas
Comm. Expires 08-26-2024
Notary ID 130798323

(Seal, if any, of notary) _____


_Rhonda S. Cockerham_
(printed name)

## IMPORTANT INFORMATION FOR AGENT

### Agent's Duties

When you accept the authority granted under this power of attorney, you establish a "fiduciary" relationship with the principal. This is a special legal relationship that imposes legal duties on you that continue until you resign or the power of attorney is terminated, suspended, or revoked by the principal or by operation of law. A fiduciary duty generally includes the duty to:

(1) act in good faith;

(2) do nothing beyond the authority granted in this power of attorney;

(3) act loyally for the principal's benefit;

(4) avoid conflicts that would impair your ability to act in the principal's best interest; and

(5) disclose your identity as an agent when you act for the principal by writing or printing the name of the principal and signing your own name as "agent" in the following manner:

   (Principal's Name) by (Your Signature) as Agent

In addition, the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code) requires you to:

(1) maintain records of each action taken or decision made on behalf of the principal;

(2) maintain all records until delivered to the principal, released by the principal, or discharged by a court; and

(3) if requested by the principal, provide an accounting to the principal that, unless otherwise directed by the principal or otherwise provided in the Special Instructions, must include:

(A) the property belonging to the principal that has come to your knowledge or into your possession;

(B) each action taken or decision made by you as agent;

(C) a complete account of receipts, disbursements, and other actions of you as agent that includes the source and nature of each receipt, disbursement, or action, with receipts of principal and income shown separately;

(D) a listing of all property over which you have exercised control that includes an adequate description of each asset and the asset's current value, if known to you;

(E) the cash balance on hand and the name and location of the depository at which the cash balance is kept;

(F) each known liability;

(G) any other information and facts known to you as necessary for a full and definite understanding of the exact condition of the property belonging to the principal; and

(H) all documentation regarding the principal's property.

**Termination of Agent's Authority**

You must stop acting on behalf of the principal if you learn of any event that terminates or suspends this power of attorney or your authority under this power of attorney. An event that terminates this power of attorney or your authority to act under this power of attorney includes:

(1) the principal's death;

(2) the principal's revocation of this power of attorney or your authority;

(3) the occurrence of a termination event stated in this power of attorney;

(4) if you are married to the principal, the dissolution of your marriage by a court decree of divorce or annulment or declaration that your marriage is void, unless otherwise provided in this power of attorney;

(5) the appointment and qualification of a permanent guardian of the principal's estate, unless a court order provides otherwise; or

(6) if ordered by a court, your removal as agent (attorney in fact) under this power of attorney. An event that suspends this power of attorney or your authority to act under this power of attorney is the appointment and qualification of a temporary guardian, unless a court order provides otherwise.

**Liability of Agent**

The authority granted to you under this power of attorney is specified in the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code). If you violate the Durable Power of Attorney Act or act beyond the authority granted, you may be liable for any damages caused by the violation or subject to prosecution for misapplication of property by a fiduciary under Chapter 32 of the Texas Penal Code.

THE AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

# Claim Of Credits

I Wesco,Monterio/agent on behalf of MONTERIO WESCO/Principal,hearby accept all titles,rights,interest,and equity owed to MONTERIO WESCO/Principal.

I hearby instruct CFO (John Collins)to apply Principal balance to the Principals account (4060955752941520) for set off.

I also instruct CFO (John Collins) to communicate in writing within 5 business days giving reason of non-performance of fiduciary duties.

If no communication is made within 5 business days I Wesco,Monterio/agent on behalf MONTERIO WESCO/Principal can assume that instructions have been completed.

*Accepted*
*For Deposit*

**NAVY FEDERAL**
**Credit Union** ®    **Credit Card Information Letter**

Mw

| Date (MM/DD/YY) |
|---|
| ~~10/26/23~~ |
| Member's Name |
| MONTERIO J WESCO |
| Credit Card Account No. (Last 4 Digits) |
| 1520 |

Dear MONTERIO J WESCO

We are pleased to furnish the following requested information concerning this credit card account:

## Account Status

| Opening date (MM/DD/YY) | Current balance  10,991.25 | ☒ The account is open. | Last statement balance  11,162.21 |
|---|---|---|---|
| Last payment amount  264 | Last payment date (MM/DD/YY)  10/18/23 | ☐ This account was closed at the request of the cardholder.  Date | |
| ☐ This account was closed by Navy Federal.  Date | | ☐ The required monthly payment includes any amount past due PLUS the greater of $20.00 OR the sum of 1% of the New Balance (excluding interest and fees) PLUS interest and fees charged during the billing cycle. If the New Balance is less than $20, the minimum payment is the amount of the New Balance (which includes any Past Due Amount.) | |
| The payoff amount is  $ 11,024.51 | Good through (MM/DD/YY)  11/09/23 | | |
| The previous card ending in | Was closed on (MM/DD/YY) | ☐ The cardholder has paid as agreed. | |
| As of the date of this letter, the credit limit on the account is | | As a result, the new card ending in               was established. | |

## Transaction Information

| Merchant name | | | |
|---|---|---|---|
| Amount | Transaction date (MM/DD/YY) | | Posting date (MM/DD/YY) |

## Cardholder Removal Information

| ☐ Joint cardholder  ☐ Authorized user | Name: First | MI | Last | Suffix |
|---|---|---|---|---|

☐ The joint cardholder was removed on _____ Date (MM/DD/YY) _____ and is no longer financially responsible for the account as of that date.

☐ The authorized user was removed on _____ Date (MM/DD/YY) _____ and was not financially responsible for the account.

## For Credit Card Inquiry Use Only

Account Auditor          Eleven Thousand Twenty Four and 51/100

Credit Card Servicing
PO Box 3501
Merrifield, VA  22119-3501
1-888-842-6328

$11,024.51

Pay To Bearer

© 2023 Navy Federal NFCU 119 (4-23)

# USPS Tracking®

**FAQs >**

✕

Your item has been delivered and is available at a PO Box at 11:49 am on October 23, 2023 in MERRIFIELD, VA 22116.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

MERRIFIELD, VA 22116
October 23, 2023, 11:49 am

**See All Tracking History**

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

## Text & Email Updates                                            ⌄

# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults

of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

## 3. Distinctive letter on notes; destruction of unfit notes

Federal Reserve notes shall bear upon their faces a distinctive letter and serial number which shall be assigned by the Board of Governors of the Federal Reserve System to each Federal Reserve bank. Federal Reserve notes unfit for circulation shall be canceled, destroyed, and accounted for under procedures prescribed and at locations designated by the Secretary of the Treasury. Upon destruction of such notes, credit with respect thereto shall be apportioned among the twelve Federal Reserve banks as determined by the Board of Governors of the Federal Reserve System.

[12 USC 413. As amended by acts of June 21, 1917 (40 Stat. 236); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); July 19, 1954 (68 Stat. 495); March 3, 1965 (79 Stat. 5); May 20, 1966 (80 Stat. 161); and March 18, 1968 (82 Stat. 50).]

## 4. Granting right to issue notes

The Board of Governors of the Federal Reserve System shall have the right, acting through the Federal Reserve agent, to grant in whole or in part, or to reject entirely the application of any Federal Reserve bank for Federal Reserve notes; but to the extent that such application may be granted the Board of Governors of the Federal Reserve System shall, through its local Federal Reserve agent, supply Federal Reserve notes to the banks so applying, and such bank shall be charged with the amount of the notes issued to it and shall pay such rate of interest as may be established by the Board of Governors of the Federal Reserve System on only that amount of such notes which equals the total amount of its outstanding Federal Reserve notes less the amount of gold certificates held by the Federal Reserve agent as collateral security. Federal Reserve notes issued to any such bank shall, upon delivery, together with such notes of such Federal Reserve bank as may be issued under section 18 of this Act upon security of United States 2 per centum Government bonds, become a first and paramount lien on all the assets of such bank.

[12 USC 414. As amended by acts of June 21, 1917 (40 Stat. 237); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); and March 18, 1968 (82 Stat. 50).]

## 5. Deposit to reduce liability for outstanding notes

Any Federal Reserve bank may at any time reduce its liability for outstanding Federal Reserve notes by depositing with the Federal Reserve agent its Federal Reserve notes, gold certificates, Special Drawing Right certificates, or lawful money of the

# Opportunity To Cure

I Wesco,Monterio/agent on behalf of MONTERIO WESCO/Principal,hearby accept all
titles,rights,interest,and equity owed to MONTERIO WESCO/Principal.
I hearby instruct CFO (John Collins)to apply Principal balance to the Principals account
(4060955752941520) for set off.
I also instruct CFO (John Collins) to communicate in writing within 5 business days giving
reason of non-performance of fiduciary duties.
If no communication is made within 5 business days I Wesco,Monterio/agent on behalf
MONTERIO WESCO/Principal can assume that instructions have been completed.

*Accepted*
*For Deposit*
*on Demand*



**NAVY FEDERAL**
**Credit Union**    **Credit Card Information Letter**

| Date *(MM/DD/YY)* | |
| --- | --- |
| | 10/26/23 |
| Member's Name | |
| MONTERIO J WESCO | |
| Credit Card Account No. *(Last 4 Digits)* | |
| 1520 | |

Dear **MONTERIO J WESCO**

We are pleased to furnish the following requested information concerning this credit card account:

## Account Status

| Opening date *(MM/DD/YY)* | Current balance | ☒ The account is open. | Last statement balance |
| --- | --- | --- | --- |
| | 10,991.25 | | 11,162.27 |
| Last payment amount | Last payment date *(MM/DD/YY)* | ☐ This account was closed at the request of the cardholder. | |
| 269.11 | 10/18/23 | Date | |
| ☐ This account was closed by Navy Federal. | | ☐ The required monthly payment includes any amount past due PLUS the greater of $20.00 OR the sum of 1% of the New Balance (excluding interest and fees) | |
| Date | | PLUS interest and fees charged during the billing cycle. If the New Balance is less than $20, the minimum payment is the amount of the New Balance (which | |
| The payoff amount is | Good through *(MM/DD/YY)* | includes any Past Due Amount.) | |
| $ 11,024.51 | 11/09/23 | | |
| The previous card ending in | Was closed on *(MM/DD/YY)* | ☐ The cardholder has paid as agreed. | |
| | | | |
| As of the date of this letter, the credit limit on the account is | | | |
| | | As a result, the new card ending in | was established. |

## Transaction Information

| Merchant name | | |
| --- | --- | --- |
| Amount | Transaction date *(MM/DD/YY)* | Posting date *(MM/DD/YY)* |
| | | |

## Cardholder Removal Information

| ☐ Joint cardholder | Name: First | MI | Last | Suffix |
| --- | --- | --- | --- | --- |
| ☐ Authorized user | | | | |
| ☐ The joint cardholder was removed on _____ Date *(MM/DD/YY)* — and is no longer financially responsible for the account as of that date. | | | | |
| ☐ The authorized user was removed on _____ Date *(MM/DD/YY)* — and was not financially responsible for the account. | | | | |

## For Credit Card Inquiry Use Only

Account Auditor    *Eleven Thousand Twenty Four and 51/100*

**Credit Card Servicing**
PO Box 3501
Merrifield, VA 22119-3501
1-888-842-6328

*Pay To Bearer*

© 2023 Navy Federal NFCU 119 (4-23)

# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults

of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

## 3. Distinctive letter on notes; destruction of unfit notes

Federal Reserve notes shall bear upon their faces a distinctive letter and serial number which shall be assigned by the Board of Governors of the Federal Reserve System to each Federal Reserve bank. Federal Reserve notes unfit for circulation shall be canceled, destroyed, and accounted for under procedures prescribed and at locations designated by the Secretary of the Treasury. Upon destruction of such notes, credit with respect thereto shall be apportioned among the twelve Federal Reserve banks as determined by the Board of Governors of the Federal Reserve System.

[12 USC 413. As amended by acts of June 21, 1917 (40 Stat. 236); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); July 19, 1954 (68 Stat. 495); March 3, 1965 (79 Stat. 5); May 20, 1966 (80 Stat. 161); and March 18, 1968 (82 Stat. 50).]

## 4. Granting right to issue notes

The Board of Governors of the Federal Reserve System shall have the right, acting through the Federal Reserve agent, to grant in whole or in part, or to reject entirely the application of any Federal Reserve bank for Federal Reserve notes; but to the extent that such application may be granted the Board of Governors of the Federal Reserve System shall, through its local Federal Reserve agent, supply Federal Reserve notes to the banks so applying, and such bank shall be charged with the amount of the notes issued to it and shall pay such rate of interest as may be established by the Board of Governors of the Federal Reserve System on only that amount of such notes which equals the total amount of its outstanding Federal Reserve notes less the amount of gold certificates held by the Federal Reserve agent as collateral security. Federal Reserve notes issued to any such bank shall, upon delivery, together with such notes of such Federal Reserve bank as may be issued under section 18 of this Act upon security of United States 2 per centum Government bonds, become a first and paramount lien on all the assets of such bank.

[12 USC 414. As amended by acts of June 21, 1917 (40 Stat. 237); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); and March 18, 1968 (82 Stat. 50).]

## 5. Deposit to reduce liability for outstanding notes

Any Federal Reserve bank may at any time reduce its liability for outstanding Federal Reserve notes by depositing with the Federal Reserve agent its Federal Reserve notes, gold certificates, Special Drawing Right certificates, or lawful money of the

# Federal Reserve Act

## Section 29. Civil Money Penalty

**(a) First Tier.** Any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who, violates any provision of section 22, 23A, or 23B, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues.

[12 USC 504(a). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(b) Second Tier.** Notwithstanding subsection (a), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who

1.   A. commits any violation described in subsection (a);
     B. recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank; or
     C. breaches any fiduciary duty;

2. which violation, practice, or breach—

     A. is part of a pattern of misconduct;
     B. causes or is likely to cause more than a minimal loss to such member bank; or
     C. results in pecuniary gain or other benefit to such party,

shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.

[12 USC 504(b). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(c) Third Tier.** Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who—

1. knowingly—

     A. commits any violation described in subsection (a);
     B. engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
     C. breaches any fiduciary duty; and

2. knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

shall forfeit and pay a civil penalty in an amount not to exceed the applicable maximum

amount determined under subsection (d) for each day during which such violation, practice, or breach continues.

[12 USC 504(c). As added by act of Nov. 10, 1978 (72 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(d) Maximum Amounts Of Penalties For Any Violation Described In Subsection (c).** The maximum daily amount of any civil penalty which may be assessed pursuant to subsection (c) for any violation, practice, or breach described in such subsection is—

1. in the case of any person other than a member bank, an amount to not exceed $1,000,000; and
2. in the case of a member bank, an amount not to exceed the lesser of —

    A. $1,000,000; or
    B. 1 percent of the total assets of such member bank.

[12 USC 504(d). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(e) Assessment, Etc.** Any penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by

1. in the case of a national bank, by the Comptroller of the Currency; and
2. in the case of a State member bank, by the Board,

in the manner provided in subparagraphs (E), (F), (G), and (I) of section 8(i)(2) of the Federal Deposit Insurance Act for penalties imposed (under such section) and any such assessment shall be subject to the provisions of such section.

[12 USC 504(e). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(f) Hearing.** The member bank or other person against whom any penalty is assessed under this section shall be afforded an agency hearing if such member bank or person submits a request for such hearing within 20 days after the issuance of the notice of assessment. Section 8(h) of the Federal Deposit Insurance Act shall apply to any proceeding under this section.

[12 USC 504(f). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(g) Disbursement.** All penalties collected under authority of this paragraph shall be deposited into the Treasury.

[12 USC 504(g). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(h) Violate Defined.** For purposes of this section, the term "violate" includes any action (alone or with another or others) for or toward causing, bringing about, participating in, counseling, or aiding or abetting a violation.

[12 USC 504(h). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(i) Regulations.** The Comptroller of the Currency and the Board shall prescribe regulations establishing such procedures as may be necessary to carry out this section.

[12 USC 504(i). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(m)\* Notice Under This Section After Separation From Service.** The resignation, termination of employment or participation, or separation of an institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to a member bank (including a separation caused by the closing of such a bank) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice and proceed under this section against any such party, if such notice is served before the end of the 6-year period beginning on the date such party ceased to be such a party with respect to such bank (whether such date occurs before, on, or after the date of the enactment of this subsection).

[12 USC 504(m). As added by act of Aug. 9, 1989 (103 Stat. 461).]

\* So in original. Subsection (m) was added without subsections (j) through (*l*).

Last Update: February 14, 2017

**Scheduled Delivery by**

# MONDAY

# 30 October 2023 ⓘ

by

# 6:00pm ⓘ

Your item was delivered to the front desk, reception area, or mail room at 11:10 am on October 28, 2023 in VIENNA, VA 22182. The item was signed for by S TERRONES.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

VIENNA, VA 22182
October 28, 2023, 11:10 am

**See All Tracking History**

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

---

**Text & Email Updates**                                                    ⌄

---

**Proof of Delivery**                                                        ⌄

---

**USPS Tracking Plus®**                                                      ⌄

---

# Default Of Notice

I Wesco,Monterio/agent on behalf of MONTERIO WESCO/Principal,hearby accept all titles,rights,interest,and equity owed to MONTERIO WESCO/Principal.

I hearby instruct CFO (John Collins)to apply Principal balance to the Principals account (4060955752941520) for set off.

I also instruct CFO (John Collins) to communicate in writing within 5 business days giving reason of non-performance of fiduciary duties.

If no communication is made within 5 business days I Wesco,Monterio/agent on behalf MONTERIO WESCO/Principal can assume that instructions have been completed.

*Accepted For Deposit on Demand*



**NAVY FEDERAL**
**Credit Union**

**Credit Card Information Letter**

| | |
|---|---|
| Date *(MM/DD/YY)* | ~~10/26/23~~ |
| Member's Name | MONTERIO J WESCO |
| Credit Card Account No. *(Last 4 Digits)* | 1520 |

Dear **MONTERIO J WESCO**

We are pleased to furnish the following requested information concerning this credit card account:

### Account Status

| Opening date *(MM/DD/YY)* | Current balance *10,991.25* | ☒ The account is open. | Last statement balance *11,162.27* |
|---|---|---|---|
| Last payment amount *269.11* | Last payment date *(MM/DD/YY)* *10/18/23* | ☐ This account was closed at the request of the cardholder. Date | |
| ☐ This account was closed by Navy Federal. Date | | ☐ The required monthly payment includes any amount past due PLUS the greater of $20.00 OR the sum of 1% of the New Balance (excluding interest and fees) PLUS interest and fees charged during the billing cycle. If the New Balance is less than $20, the minimum payment is the amount of the New Balance (which includes any Past Due Amount.) | |
| The payoff amount is $ 11,024.51 | Good through *(MM/DD/YY)* 11/09/23 | | |
| The previous card ending in | Was closed on *(MM/DD/YY)* | ☐ The cardholder has paid as agreed. | |
| As of the date of this letter, the credit limit on the account is | | As a result, the new card ending in          was established. | |

### Transaction Information

| Merchant name | | | |
|---|---|---|---|
| Amount | Transaction date *(MM/DD/YY)* | | Posting date *(MM/DD/YY)* |

### Cardholder Removal Information

| ☐ Joint cardholder ☐ Authorized user | Name: First | MI | Last | Suffix |
|---|---|---|---|---|

☐ The joint cardholder was removed on _____ Date *(MM/DD/YY)* and is no longer financially responsible for the account as of that date.

☐ The authorized user was removed on _____ Date *(MM/DD/YY)* and was not financially responsible for the account.

### For Credit Card Inquiry Use Only

Account Auditor    *Eleven Thousand Twenty Four and 51/100*

Credit Card Servicing
PO Box 3501
Merrifield, VA  22119-3501
1-888-842-6328

*Pay To Bearer*

© 2023 Navy Federal NFCU 119 (4-23)

# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults

of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

## 3. Distinctive letter on notes; destruction of unfit notes

Federal Reserve notes shall bear upon their faces a distinctive letter and serial number which shall be assigned by the Board of Governors of the Federal Reserve System to each Federal Reserve bank. Federal Reserve notes unfit for circulation shall be canceled, destroyed, and accounted for under procedures prescribed and at locations designated by the Secretary of the Treasury. Upon destruction of such notes, credit with respect thereto shall be apportioned among the twelve Federal Reserve banks as determined by the Board of Governors of the Federal Reserve System.

[12 USC 413. As amended by acts of June 21, 1917 (40 Stat. 236); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); July 19, 1954 (68 Stat. 495); March 3, 1965 (79 Stat. 5); May 20, 1966 (80 Stat. 161); and March 18, 1968 (82 Stat. 50).]

## 4. Granting right to issue notes

The Board of Governors of the Federal Reserve System shall have the right, acting through the Federal Reserve agent, to grant in whole or in part, or to reject entirely the application of any Federal Reserve bank for Federal Reserve notes; but to the extent that such application may be granted the Board of Governors of the Federal Reserve System shall, through its local Federal Reserve agent, supply Federal Reserve notes to the banks so applying, and such bank shall be charged with the amount of the notes issued to it and shall pay such rate of interest as may be established by the Board of Governors of the Federal Reserve System on only that amount of such notes which equals the total amount of its outstanding Federal Reserve notes less the amount of gold certificates held by the Federal Reserve agent as collateral security. Federal Reserve notes issued to any such bank shall, upon delivery, together with such notes of such Federal Reserve bank as may be issued under section 18 of this Act upon security of United States 2 per centum Government bonds, become a first and paramount lien on all the assets of such bank.

[12 USC 414. As amended by acts of June 21, 1917 (40 Stat. 237); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); and March 18, 1968 (82 Stat. 50).]

## 5. Deposit to reduce liability for outstanding notes

Any Federal Reserve bank may at any time reduce its liability for outstanding Federal Reserve notes by depositing with the Federal Reserve agent its Federal Reserve notes, gold certificates, Special Drawing Right certificates, or lawful money of the