IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONTERIO J. WESCO, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-2582-S-BK |
| § | |
| JOHN COLLINS, CFO, ET AL., § | |
|     DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff Monterio J. Wesco's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 12. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

I. BACKGROUND

On November 21, 2023, Wesco, a resident of Desoto, Texas, filed a complaint against the Navy Federal Credit Union (NFCU) and CFO John Collins. Doc. 2 at 1. He alleges *in toto*: "Non-performance of fiduciary duties." Doc. 2 at 1. Wesco includes overs 30 pages of attachments with the complaint. Doc. 2 at 2-28; Doc. 2-1 at 1-4. The Court granted him an opportunity to amend his complaint in compliance with FED. R. CIV. P. 8(a) and to expound on the factual allegations of his claim by answering the magistrate judge's questionnaire (MJQ response). Doc. 7; Doc. 8; Doc. 11.

In the amended complaint (the operative complaint), as supplemented by the MJQ response, Wesco asserts violations of 15 U.S.C. § 1691(a), 15 U.S.C. § 1615(a)(1), and 12 U.S.C. § 504(a), (b) and (c). Doc. 8 at 3. As best the Court can glean, on October 23, 2023, Wesco attempted to pay off the outstanding balance on his credit-card account by mailing Defendants a *Claim of Credits* that instructed Defendants "to apply Principal balance to the Principals [credit card account number] for set off" and enclosed an endorsed "bill of exchange." Doc. 11 at 3-4; *see also* Doc. 2 at 12-13 (*Claim of Credits* and NFCU's *Credit Card Information Letter*). Defendants allegedly failed to "set off"—that is pay off—his credit card debt because the "form of payment" was invalid, and Defendants requested payment "in cash, check or money order." Doc. 11 at 3-6. Wesco avers that he gave Defendants an "opportunity to cure the situation," but they again found the "documents were fake and not a [sic] acceptable form of payment." Doc. 11 at 3; *see also* Doc. 2 at 17 (*Opportunity to Cure*); Doc. 2 at 25 (*Default of Notice*). As a result, Wesco's credit card account became delinquent. Doc. 11 at 6.

Wesco asserts that NFCU "engaged in unsafe and improper business" practices and that Collins breached his fiduciary duties. Doc. 11 at 6-7. Wesco further contends that "[d]ue to [NFCU] . . . nonacceptance of bill on 10-23-23" and "John Collin [sic] nonperformance of fiduciary duties on 10-25-23," he "suffered a minimal loss." Doc. 8 at 4-5. He alleges that the Navy Federal Credit Union and Collins "knowingly and willfully engaged in unsafe and improper business" practices. Doc. 8 at 4-5. Wesco thus seeks "economic damages of $22,000" and "emotional damages of $10,000" from both. Doc. 8 at 4-5.

Upon review, the Court concludes that Wesco's operative complaint should be dismissed for failure to state a claim.

## II. ANALYSIS

Because Wesco is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the sua sponte dismissal of a complaint, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The analysis begins with the court's consideration of whether a party has complied with Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 557 (noting that Rule 12(b)(6)'s plausibility element derives from the threshold requirement of Rule 8(a) that the complaint "possess enough heft to show that the pleader is entitled to relief") (cleaned up). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than just allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Specifically, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and (2) be "simple, concise and direct." FED. R. CIV. P. 8(a), (d). This serves two purposes. First, it "eliminate[s] prolixity in pleading and . . . achieve[s] brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (citation omitted). Second, the requirements of Rule 8(a) compel litigants to file straightforward pleadings "so that judges and

adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civ. Air Patrol, Inc.*, 193 Fed. Appx. 298, 299-300 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). As aptly noted in *Garst*, "[f]ederal judges have better things to do, and the substantial subsidy of litigation . . . should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." 328 F.3d at 378.

Wesco's operative complaint does not comply with Rule 8(a). His conclusory statements do not even rise to the level of "threadbare recitals" of the elements of a cause of action. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court recognizes that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "[e]ven a liberally construed *pro se* . . . complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

Under the most liberal construction, Wesco's operative complaint, as supplemented by the MJQ response, fails to satisfy the standard imposed by Rule 8(a). Simply stated, Wesco's factual contentions are inadequate to support any cognizable claim. Neither Defendant nor the Court is expected to dig through his operative complaint, MJQ response (which vaguely references the many attachments to the original complaint) to discern any relevant facts and their connection to his possible causes of action.

That notwithstanding, Wesco's claims lack facial plausibility as detailed below.

Wesco cites to 15 U.S.C. § 1691(a). Doc. 8 at 3. The Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.*, prohibits creditors from discriminating against credit

applicants (1) on the basis of race, color, religion, national origin, sex, marital status, age, (2) because an applicant receives income from a public assistance program, or (3) because an applicant has in good faith exercised any right under the Consumer Credit Protection Act. To state a claim for relief under the ECOA, a plaintiff must plausibly allege that he was discriminated against in violation of the statute. Specifically, "the complaint must plausibly allege that (1) each plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705-06 (5th Cir. 2017) (citations omitted).

Wesco does not present any factual enhancement stating that he "applied" for or otherwise requested credit or that he was treated in a discriminatory matter. *See Alexander*, 848 F.3d at 707-09. Indeed, apart from mailing his request for a setoff, he does not state that he asked for credit. His operative complaint is also silent as to any "discrimination." Doc. 8 at 4-5. In his MJQ response, Wesco only twice mentions that he "was discriminated" against when he mailed his request for a set of but does not allege how. Doc. 11 at 3. Simply put, Wesco asserts nothing to support his claim that he was treated in a discriminatory manner. Therefore, he has failed to plead a plausible claim under § 1691(a).

Next, Wesco cites to 15 U.S.C. § 1615(a). Doc. 8 at 3. That section obligates a creditor to "promptly refund any unearned portion of [an] interest charge to [a] consumer" where a consumer "prepays in full the financed amount under any consumer credit transaction." 15 U.S.C. § 1615(a)(1). Wesco alleges that he requested NFCU to "set off balance for" his credit card account and "refund all portion's of unearned interest that has been paid towards" his credit card account. Doc. 11 at 4. If Wesco bases his claim on interest charged despite his attempts to

pay his credit card balance by mailing a request for set off, his mailing did not constitute a payment. *See Greene v. Discover Bank*, No. 23-CV-04825-SVK, 2024 WL 85872, at *3 (N.D. Cal. Jan. 8, 2024) (concluding the plaintiff did not make any payment under § 1615(a)(1) when he tried to pay off outstanding credit-card balance by mailing bank a written request to pay off his balance); *Linwood v. Anderson*, No. 120CV01347SLDJEH, 2021 WL 4139137, at *5 (C.D. Ill. Sept. 10, 2021) (finding no refund was due under § 1615(a)(1) because there was no evidence that the plaintiff made any payments). Accordingly, Wesco's claim for refund under § 1615 likewise fails to state a plausible.

Lastly, there is no private right of action under 12 U.S.C. § 504 for the imposition of civil penalties under the Federal Reserve Act. *See Harp v. Police & Fire Fed. Credit Union*, Civ. A. No. 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) (citation omitted); *Payne v. Spectrum*, No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023).

Because Wesco has failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, he has failed to plead any plausible claim. Therefore, his complaint should be dismissed for failure to state a claim.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As discussed here, Wesco has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his operative complaint and the MJQ response, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims. In addition, the Court has already permitted Wesco to

amend his complaint in compliance with Rule 8(a) and respond to the MJQ. Doc. 8; Doc. 11. Thus, the Court concludes that Wesco has already pled his best case and granting further leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, it is recommended that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915(e).

**SO RECOMMENDED** on January 16, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).